**NOT FOR PUBLICATION**

FILED

JUN 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSANNA MONTANTE,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>ANTHONY FOXX, Secretary of Transportation (Federal Aviation Administration),<br><br>Defendant-Appellee. | No. 14-55340<br><br>D.C. No. 2:13-cv-00384-GAF-PJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted June 14, 2016[**]

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Susanna Montante appeals pro se from the district court's summary judgment in her employment action alleging retaliation and related constitutional claims. We have jurisdiction under 29 U.S.C. § 1291. We review de novo,

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997), and we affirm.

The district court properly granted summary judgment in favor of Appellee on Montante's Title VII retaliation claim because Montante failed to raise a genuine dispute of material fact as to whether defendant's asserted non-retaliatory reason for not rehiring her in 2007 was pretextual. *See Ray v. Henderson*, 217 F.3d 1234, 1245-46 (9th Cir. 2000) (setting forth elements of a retaliation claim under Title VII); *see also Munoz v. Mabus*, 630 F.3d 856, 865 (9th Cir. 2010) ("[The] plaintiff bears the ultimate burden of showing defendant's stated reasons to be merely pretextual, once defendant has given legitimate, non-retaliatory grounds for its actions.").

The district court properly dismissed Montante's claim that she was forced to retire in 2004 in violation of the First Amendment because the Civil Service Reform Act is the sole remedy for constitutional claims arising from federal employment. *See David v. United States*, 820 F.2d 1038, 1041 (9th Cir. 1987) (holding the CSRA offered sufficient "meaningful remedies" to preclude a federal employee from pursuing a First Amendment claim).

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**